MORGAN, LEWIS & BOCKIUS LLP
Kathy H. Gao, Bar No. 259019
kathy.gao@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Sarah J. Allen, Bar No. 306286
sarah.allen@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700

Attorneys for Defendant
INSIGHT GLOBAL, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA T. LUPU,<br><br>Plaintiff,<br><br>vs.<br><br>INSIGHT GLOBAL, LLC, a Delaware limited liability company; THERMO FISHER SCIENTIFIC INC., a Delaware corporation; and Does 1 through 25,<br><br>Defendants. | Case No. '20CV1845 JAH BGS<br><br>**DEFENDANT INSIGHT GLOBAL, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL

DB2/ 39581480.2

# TABLE OF CONTENTS

Page

I. PLEADINGS, PROCESS AND ORDERS ................................................................ 6
II. REMOVAL IS TIMELY ........................................................................................... 7
III. THIS COURT HAS ORIGINAL JURISDICTION .................................................. 7
   A. Removal Is Proper Under 28 U.S.C. § 1332(A)(1) ...................................... 7
   B. Complete Diversity of Citizenship Exists .................................................... 8
      1. Plaintiff Is a Citizen of California ..................................................... 8
      2. Insight Global Is a Citizen of Delaware and Georgia ....................... 9
      3. Thermo Fisher Is a Citizen of Delaware and Massachusetts ........................................................................................ 10
      4. The Citizenship of Doe Defendants Is Irrelevant ........................... 11
   C. The Amount in Controversy Requirement Is Satisfied .............................. 11
      1. Plaintiff's Claim for Lost Wages Alone Exceeds $75,000 ............ 12
      2. Plaintiff Also Seeks an Award of Attorneys' Fees ......................... 13
IV. ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED ............... 15
V. CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Armstrong v. Church of Scientology Int'l*
 243 F.3d 546 (9th Cir. 2000) ........................................................................... 8

*Boon v. Allstate Ins. Co.*
 229 F. Supp. 2d 1016 (C.D. Cal. 2002) ........................................................... 8

*Carleu v. FCA US LLC*
 2016 WL 304295 (C.D. Cal. Jan. 25, 2016) .................................................... 9

*Celestino v. Renal Advantage Inc.*
 No. C 06-07788, 2007 WL 1223699 (N.D. Cal. Apr. 24, 2007) ................... 13

*Chavez v. JPMorgan Chase & Co.*
 888 F.3d 413 (9th Cir. 2018) ......................................................................... 12

*Dart Cherokee Basin Operating Co., LLC v. Owens*
 135 S. Ct. 547 (2014) ............................................................................... 11, 12

*Galt G/S v. JSS Scandinavia*
 142 F.3d 1150 (9th Cir. 1998) ................................................................. 12, 14

*Gaus v. Miles, Inc.*
 980 F.2d 564 (9th Cir. 1992) ......................................................................... 12

*Gibson v. Chrysler Corp.*
 261 F.3d 927 (9th Cir. 2001) ................................................................... 12, 14

*Guglielmino v. McKee Foods Corp.*
 506 F.3d 696 (9th Cir. 2007) ......................................................................... 14

*Hertz Corp. v. Friend*
 559 U.S. 77 (2010) ......................................................................................... 10

*Kaldis v. Wells Fargo Bank, N.A.*
 No. 216CV06407ODWGJS, 2016 WL 6407377 (C.D. Cal. Oct. 28, 2016) ................................................................................................................. 8

*Korn v. Polo Ralph Lauren Corp.*
 536 F. Supp. 2d 1199 (E.D. Cal. 2008) ......................................................... 12

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Lew v. Moss*
   797 F.2d 747 (9th Cir. 1986).................................................................................8

*Lewis v. Verizon Commc'ns, Inc.*
   627 F.3d 395 (9th Cir. 2010).................................................................................8

*Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*
   414 Fed. App'x 62 (9th Cir. 2011).........................................................................9

*Martinez v. Wells Fargo Bank, N.A.*
   No. CV 13-09547 SJO JCGX, 2014 WL 997390 (C.D. Cal. Jan. 8, 2014)..................................................................................................................9

*Mason v. Lockwood, Andrews & Newnam, P.C.*
   842 F.3d 383 (6th Cir. 2016).................................................................................8

*Melendez v. HMS Host Family Rest., Inc.*
   No. CV 11-3842, 2011 WL 3760058 (C.D. Cal. Aug. 25, 2011).......................12

*Morris Johnson, Jr. v. Columbia Properties Anchorage, LP*
   437 F.3d 894 (9th Cir. 2006).................................................................................9

*Newcombe v. Adolf Coors Co.*
   157 F.3d 686 (9th Cir. 1998)...............................................................................11

*Proctor v. Vishay Intertechnology Inc.*
   584 F.3d 1208 (9th Cir. 2009).............................................................................15

*Rivera v. Costco Wholesale Corp.*
   No. C 08-02202, 2008 WL 2740399 (N.D. Cal. July 11, 2008)........................13

*Roa v. TS Staffing Servs, Inc.*
   2015 U.S. Dist. LEXIS 7442 (C.D. Cal. 2015)..................................................11

*Sanchez v. Monumental Life Ins. Co.*
   102 F.3d 398 (9th Cir. 1996)...............................................................................11

*Sasso v. Noble Utah Long Beach, LLC*
   No. CV 14-09154-AB, 2015 WL 898468 (C.D. Cal. Mar. 3, 2015) ............13, 14

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Singer v. State Farm Mut. Auto. Ins. Co.*
   116 F.3d 373 (9th Cir. 1997) .................................................................................. 11

*State Farm Mut. Auto Ins. Co. v. Dyer*
   19 F.3d 514 (10th Cir. 1994) ................................................................................... 8

*Valdez v. Allstate Ins. Co.*
   372 F.3d 1115 (9th Cir. 2004) ................................................................................ 12

*Washington v. Hovensa LLC*
   652 F.3d 340 (3rd Cir. 2011) ............................................................................... 6, 8

**FEDERAL STATUTES**

28 U.S.C. § 1332 ............................................................................................................ 7, 8

28 U.S.C. §§ 1332, 1441, and 1446 .................................................................................. 6

28 U.S.C. § 1332(a) ............................................................................................. 8, 11, 14

28 U.S.C. § 1332(A)(1) .................................................................................................... 7

28 U.S.C. § 1332(c)(1) ................................................................................................... 10

28 U.S.C. § 1441 ............................................................................................................... 7

28 U.S.C. § 1441(a) ................................................................................................... 8, 15

28 U.S.C. § 1441(b) ................................................................................................... 8, 11

28 U.S.C. § 1441(b)(1) .................................................................................................... 11

28 U.S.C. § 1446(c)(2)(B) ............................................................................................... 11

28 U.S.C. § 1446(d) ........................................................................................................ 15

**TO THE CLERK OF THE SOUTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Insight Global, LLC ("Defendant" or "Insight Global"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of San Diego, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is based on the following grounds:

## I.

## PLEADINGS, PROCESS AND ORDERS

1. On or about July 24, 2020, Plaintiff Maria T. Lupu ("Lupu" or "Plaintiff") filed a complaint in the Superior Court of the State of California, County of San Diego, entitled *Maria T. Lupu, an individual v. Insight Global, LLC, a Delaware limited liability company; Thermo Fisher Scientific Inc., a Delaware corporation; and Does 1 through 25*, Case No. 37-2020-00025931 (the "Complaint").

2. Plaintiff's Complaint alleges eight causes of action: (1) Intentional Misrepresentation; (2) Negligent Misrepresentation; (3) Promissory Fraud; (4) Breach of Contract; (5) Promissory Estoppel; (6) Intentional Interference with Prospective Economic Relations; (7) Negligent Interference with Prospective Economic Relations; and (8) Declaratory Relief.

3. Plaintiff served the summons and complaint, along with other case documents, on Insight Global's agent for service of process on August 19, 2020. A true and correct copy of Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, and Notice of Eligibility to eFile and Assignment to Imaging Department that were served on Insight Global are attached as Exhibit A to the Declaration of Kathy H. Gao ("Gao Decl.").

4. On September 16, 2020, Defendant Thermo Fisher Scientific Inc. ("Thermo Fisher") filed an Answer to Plaintiff's Complaint in the Superior Court of

1  the State of California, County of San Diego.  A true and correct copy of Thermo
2  Fisher's Answer is attached as Exhibit B to the Gao Decl.
3       5.    On September 17, 2020, Insight Global filed an Answer to Plaintiff's
4  Complaint in the Superior Court of the State of California, County of San Diego.  A
5  true and correct copy of Insight Global's Answer is attached as Exhibit C to the
6  Gao Decl.
7       6.    Exhibits A through C constitute all the pleadings, process, and orders
8  served upon or filed by Insight Global in the Superior Court action.

## II.

## REMOVAL IS TIMELY

     6.    This Notice of Removal is timely because it is being filed within thirty (30) days of completion of service and within one (1) year of the commencement of this action.  Plaintiff served the registered agent for Defendant on August 19, 2020.  No previous notice of removal has been filed or made with this Court for the relief sought herein.

## III.

## THIS COURT HAS ORIGINAL JURISDICTION

**A.**    **Removal Is Proper Under 28 U.S.C. § 1332(A)(1).**

     6.    As set forth below, this is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount-in-controversy exceeds the sum or value of $75,000,[1] exclusive of interest and costs, and is between citizens of different states.

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendant's references to specific or estimated damage amounts are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendant maintains that each of Plaintiff's claims is without merit and Defendant is not liable to Plaintiff whatsoever, or in any amount.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or actually could recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7            NOTICE OF REMOVAL

DB2/ 39581480.2

**B.     Complete Diversity of Citizenship Exists.**

7.     A case may be heard in federal court pursuant to diversity jurisdiction if there is complete diversity; *i.e.*, all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441(a), (b).

### 1.     Plaintiff Is a Citizen of California.

8.     "An individual is a citizen of the state in which he is domiciled. . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

9.     Evidence of continuing residence creates a presumption of domicile, and the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 389 (6th Cir. 2016) ("[T]he law affords a rebuttable presumption that a person's residence is his domicile."); *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (person's residence is prima facie evidence of domicile); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (noting that determining one's domicile involves factors including, inter alia, current residence, voting registration, place of employment, and state of driver's license); *Kaldis v. Wells Fargo Bank, N.A.*, No. 216CV06407ODWGJS, 2016 WL 6407377, at *3 (C.D. Cal. Oct. 28, 2016) (defendant established California citizenship of plaintiff where complaint alleged

---

not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

1  she resided in California "at all times mentioned in the Complaint," the plaintiff
2  was employed in California during alleged incidents, and plaintiff did not dispute
3  California citizenship; *Martinez v. Wells Fargo Bank, N.A.*, No. CV 13-09547 SJO
4  JCGX, 2014 WL 997390, at *1 (C.D. Cal. Jan. 8, 2014) (plaintiff deemed citizen of
5  California based on allegation in complaint that he resided in California).

6  10.  The Complaint alleges that Plaintiff "is, and at all times mentioned in
7  this Complaint was, a resident of the County of San Diego, State of California."
8  (Gao Decl., Exh. A – Compl. ¶ 1.)  Plaintiff further alleges that she was employed
9  by Insight Global and co-defendant Thermo Fisher Scientific Inc., and worked at
10  Thermo Fisher's San Diego offices.  (Id., ¶¶ 25-26.)  Accordingly, Plaintiff was
11  employed in California during the alleged conduct giving rise to her claims, resided
12  in California "at all times mentioned in [the] Complaint," and has alleged no
13  alternate citizenship.  Accordingly, Plaintiff is a citizen of California for purposes
14  of determining diversity.

### 2. Insight Global Is a Citizen of Delaware and Georgia.

16  11.  For diversity purposes, the citizenship of a limited liability company is
17  the same as the citizenship of all its members.  *See Lindley Contours, LLC v. AABB
18  Fitness Holdings, Inc.*, 414 Fed. App'x 62 (9th Cir. 2011); *Morris Johnson, Jr. v.
19  Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n
20  LLC is a citizen of every state of which its owners/members are citizens.").  "If a
21  member of an LLC is a corporation, then the state of incorporation and its principal
22  place of business must be shown."  *Carleu v. FCA US LLC*, 2016 WL 304295, at *1
23  (C.D. Cal. Jan. 25, 2016).

24  12.  Insight Global is, and since the commencement of this action has been,
25  a limited liability company organized under the laws of Delaware.  (Declaration of
26  Ashley Hamilton ("Hamilton Decl."), ¶ 5.)  Insight Global's principal place of
27  business is located in Atlanta, Georgia.  (Id.)  Insight Global's corporate
28  headquarters is in the State of Georgia, as is the majority of its corporate books and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9   NOTICE OF REMOVAL

DB2/ 39581480.2

records and its executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems). (Id.) In addition, Insight Global's senior executives work from the Georgia headquarters and direct, control, and coordinate Insight Global's corporate activities from Georgia. (Id.)

13. As an LLC, Insight Global's sole member entity is IG Staffing Holdings, LLC. (Hamilton Decl., ¶ 6.) IG Staffing Holdings, LLC is also incorporated in Delaware, and has its principal place of business and corporate headquarters in Atlanta, Georgia. (Id.) IG Staffing Holdings, LLC's member entity is IG Investments Holdings, LLC which is also incorporated in Delaware, and also has its principal place of business and corporate headquarters in Atlanta, Georgia. (Id.) Accordingly, Insight Global is a citizen of Delaware and Georgia for purposes of determining diversity.

### 3. Thermo Fisher Is a Citizen of Delaware and Massachusetts.

14. For diversity purposes, a corporation is a citizen of both the State in which it is incorporated, and the state that where the corporation's "principal place of business" is located. *See* 28 U.S.C. § 1332(c)(1). The United States Supreme Court has held that the "phrase 'principal place of business' in 28 U.S.C. § 1332(c)(1) refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" – *i.e.*, the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The Court further described the "principal place of business" as "the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 92-93.

15. Thermo Fisher has been and is a corporation duly created, incorporated, and organized under the laws of Delaware with its headquarters located in Massachusetts. (Gao Decl., Exh. D – Declaration of Nancy A. Newark ("Newark Decl."), ¶ 2.) All of Thermo Fisher's nationwide administrative

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10      NOTICE OF REMOVAL

DB2/ 39581480.2

functions and primary executive functions operate out of the Massachusetts headquarters. (Id.) Accordingly, Thermo Fisher is a citizen of Delaware and Massachusetts for purposes of determining diversity.

### 4. The Citizenship of Doe Defendants Is Irrelevant.

16. The citizenship of "Doe" defendants is to be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (disregarding the citizenship of defendant sued under fictitious names for removal).

17. The requirements for diversity jurisdiction as set forth in 28 U.S.C. § 1441(b) are met because Plaintiff and all named defendants are citizens of different states.

### C. The Amount in Controversy Requirement Is Satisfied.

18. Federal district courts have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal is proper if, from the allegations of the complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

19. Regarding the amount in controversy requirement, a removing party's notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015 U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. 2015).

Evidence showing the amount in controversy is required "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 554.

20. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

21. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

**1.      Plaintiff's Claim for Lost Wages Alone Exceeds $75,000.**

22. A plaintiff's potential recovery for lost wages is included in the amount in controversy. *Chavez*, 888 F.3d at 414-15 ("Where, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy."); *see also Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in

controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

23. Plaintiff seeks recovery of "compensatory damages, including loss of wages, promotional opportunities, benefits, and other opportunities of employment." (Gao Decl., Exh. A – Compl., Prayer for Relief p.15, lines 16-17). The Complaint alleges, in relevant part, that defendants promised Plaintiff she "would work at and for Thermo Fisher as an Insight Global employee for six months and then transition to direct employment with Thermo Fisher at an annual salary of $145,600," and that as a result of the promises made to her, Plaintiff resigned from her existing employment to accept the offer of employment with Defendants. (Id., ¶ 25.) The Complaint also alleges that her employment with Defendants was terminated on or about August 20, 2018. (Id., ¶ 28.)

24. If Plaintiff seeks past lost wages from her termination to the date of removal (*i.e.*, lost wages for the approximate two-year period from August 20, 2018 to the date of this removal), Plaintiff's Complaint has placed in controversy well over $75,000 ($145,000 x approximately 2 years = approximately $290,000). *See Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015) (denying motion to remand in a wrongful termination case after calculating lost wages from the date of termination through the date of removal based on annual earnings).

### 2. Plaintiff Also Seeks an Award of Attorneys' Fees.

25. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. (Gao Decl., Exh. A – Compl., Prayer for Relief p.15, line 24). Plaintiff's request for attorneys' fees places an additional amount in controversy beyond Plaintiff's lost wages claim. Where the causes of action in a complaint authorize

recovery of attorneys' fees, those fees are included when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

26. Moreover, Plaintiff's attorneys' fees are not limited to the amount incurred as of the time of removal. In *Simmons v. PCR Tech.*, for example, the court held that "[attorneys' fees] necessarily accrue until the action is resolved," such that "the Ninth Circuit [in Galt G/S, supra] must have anticipated that district courts would project fees beyond removal." 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002). As such, the Simmons court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." Likewise, this Court has recognized that "when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'" *See Sasso*, 2015 WL 898468 at *5; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy). Therefore, while Plaintiff seeks an unspecified amount of attorneys' fees, such fees must be considered part of the amount in controversy.

27. Therefore, although Insight Global denies Plaintiff's factual allegations and prayer for relief, and denies that Plaintiff is entitled to any relief whatsoever, the amount-in-controversy of Plaintiff's claims exceeds the jurisdictional threshold set forth in U.S.C. § 1332(a), exclusive of interest and costs. *See Galt G/S*, 142 F.3d at 1155-56 (9th Cir. 1998) (emotional distress and special damages are included in amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages are part of the amount in controversy calculus).

## IV.

## **ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

28. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

29. All named defendants consent to the removal of this action. (Gao. Decl, Exh. D – Newark Decl., ¶ 4.) *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (representation that all defendants consent to removal in a removal notice is sufficient to satisfy requirement that all defendants must "join" a removal petition).

30. Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

31. By this Notice of Removal and the exhibits hereto, Defendant does not intend to make any admissions of fact, law, or liability relating to the claims in the Complaint, and Defendant expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## V.

## **CONCLUSION**

32. Based on the foregoing, Defendant respectfully requests that this action be removed from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

California, and that all future proceedings in this action take place in the United States District Court for the Southern District of California.

Dated: September 18, 2020

MORGAN, LEWIS & BOCKIUS LLP

By */s/ Kathy H. Gao*
Kathy H. Gao
Sarah J. Allen
Attorneys for Defendant
INSIGHT GLOBAL, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

16   NOTICE OF REMOVAL

DB2/ 39581480.2

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On September 18, 2020, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT INSIGHT GLOBAL, LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| Christoph M. Diecke<br>CMD Law Group<br>402 W Broadway, Suite 400<br>San Diego, CA 92101 | *Attorneys for Plaintiff Maria T. Lupu* |
| Sergio A. Perez<br>Centurion Law<br>402 W Broadway, Suite 400<br>San Diego, CA 92101 | |
| David G. Hoiles, Jr.<br>Melissa D. Owens<br>JACKSON LEWIS P.C.<br>225 Broadway, Suite 2000<br>San Diego, California 92101 | *Attorneys for Defendant Thermo Fisher Scientific Inc.* |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on September 18, 2020, at Los Angeles, California.

I declare under the penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Lucy Mata

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES